FUENTES, Circuit Judge
concurring:
I concur with my colleagues that McBride’s habeas petition must be denied. I, however, would not reach the troubling *109 question of whether a counsel who appeared unaware that he could make a successful constitutional objection at trial made a reasonable strategic choice. See Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (“[Tjhere is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.”) Rather, I think that McBride failed to demonstrate that he was prejudiced under Strickland since he cannot demonstrate that there is a “substantial” likelihood the jury would have returned a verdict of not guilty. See Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011). The Pennsylvania Superior Court relied on an inaccurate description of the facts in determining that there was no prejudice. While we owe those factual determinations no deference, we still owe the court’s holding deference if it applied Strickland reasonably. Id. at 785. Despite the state court’s errors, it reasonably held that McBride was not sufficiently prejudiced by the introduction of testimony that referenced his silence during interrogation.
These references would have been seen by the jury as an implicit admission of guilt, Virgin Islands v. Martinez, 620 F.3d 321, 335 (3d Cir.2010), but there was ample other evidence of his guilt. Three other witnesses testified that McBride admitted to killing Kelly, and there was circumstantial physical evidence that linked McBride to the crime. Thus, it is difficult to conclude that there is a “substantial” likelihood that the jury would have found differently if his confession-by-silence was excluded. See Delgadillo v. Woodford, 527 F.3d 919, 930 n. 4 (9th Cir.2008) (holding that petitioner was not prejudiced when “largely cumulative” improper testimony was admitted). For this reason, I would hold that McBride was not prejudiced and that thus his ineffective assistance of counsel claim fails. Therefore, I respectfully concur.